*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OKORO IFEANYI, | : | |
| Petitioner, | : | Civil Action No. 18-12205 (SRC) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Okoro Ifeanyi's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). Following an order to answer, the Government filed a response to the motion (ECF No. 10), to which Petitioner replied. (ECF No. 11). For the reasons set forth below, this Court will deny Petitioner's ineffective assistance of plea counsel claims, will deny Petitioner a certificate of appealability as to those claims, will grant Petitioner an evidentiary hearing as to his remaining claim asserting ineffective assistance of counsel regarding counsel's failure to file a notice of appeal, and will appoint counsel for the purposes of that hearing.

**I. BACKGROUND**

In April 2017, Petitioner Okoro Ifeanyi was charged by way of a two count information with filing a false tax return in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2 and structuring transactions in violation of 31 U.S.C. § 5324(a)(3), (d)(2) and 18 U.S.C. § 2. (Docket No. 17-157 at ECF No. 26). These charges arose out of Petitioner's use of his automobile company to

purchase and ship vehicles to Nigeria which was apparently part of a scheme to launder money obtained by his associates through fraud and Petitioner's failure to properly report the various funds he received as part of this operation to the IRS in his tax returns, as well as Petitioner's attempts to circumvent federal transaction reporting requirements. (*Id.*; Document 2 attached to ECF No. 10 at 25-32). On April 26, 2017, Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to both counts of the information in exchange for the Government agreeing not to pursue more serious charges related to Petitioner's actions. (Document 6 attached to ECF No. 10). The plea agreement also provided Petitioner with multiple additional benefits – including the right to file amended tax returns to reduce tax loss associated with the charges to which he pled guilty, a limitations as to loss and forfeiture amounts well below that which the Government could have pursued, and the ability of Petitioner to present testimony and argument at sentencing in an attempt to lead the Court to further lower the tax loss amount related to his evasion charges. (*Id.*).

On April 26, 2017, Petitioner pled guilty to the two charges contained in the information. As part of that guilty plea, Petitioner confirmed that he had reviewed the plea agreement with counsel, that he was cognizant of the appellate waiver contained in the agreement, that he understood the agreement, that he understood the relevant sentencing maximums and that the Court – and not counsel – would determine the sentence Petitioner received, and that he wished to plead guilty. (Document 2 attached to ECF No. 10). As Petitioner was agreeing to plead guilty to a structuring charge which was partially based on actions that otherwise would have been subject to a statute of limitations defense, Petitioner also explicitly waived any such defense as part of his guilty plea in this matter. This Court discussed that waiver on the record with Petitioner in the

2

following colloquy:

> [The Government]: Your Honor, may I just add one thing for the record. It is my understanding that [Petitioner] agreed, and I believe he's complicit and done so by entering his guilty plea, to waive the statute of limitations that otherwise would apply [to the structuring charge], but I just want to put that on the record.
>
> THE COURT: And I thank you for doing that. And [Petitioner,] do you understand that by pleading guilty you are giving up your right to assert a statute of limitations defense to the tax evasion charges and the structuring charges? Do you understand that sir?
>
> [Petitioner]: Yes, your Honor.
>
> THE COURT: Okay. Do you understand that that is part of the overall plea agreement in this case and, to put it simply, there are additional tax years involved here which would not involve the statute of limitations defense which the government could have brought instead? Do you understand that?
>
> [Petitioner]: Yes, your Honor.
>
> THE COURT: And they agree to pursue the 2010 year which may be beyond the statute of limitations – all right – and the money structuring which may be beyond the statute of limitations specifically in exchange for not pursuing charges which would be within the statute of limitations? Do you understand that?
>
> [Petitioner]: Yes, your Honor.

(Document 2 attached to ECF No. 10 at 34-35). Notwithstanding this waiver, Petitioner still wished to proceed with his guilty plea, which this Court accepted as it was clear that Petitioner had knowingly and voluntarily chosen to plead guilty.

Following his guilty plea, this Court held a sentencing hearing at which it heard testimony regarding the tax loss amount from witnesses including Petitioner. (Document 3 attached to ECF No. 10). After having heard that testimony, this Court sentenced Petitioner on April 11, 2018.

3

(Document 4 attached to ECF No. 10). During his sentencing argument, Petitioner's counsel once again recognized that Petitioner had knowingly agreed to plead guilty based on events which might otherwise be barred by the statute of limitations and waive that defense as to those events as part of his acceptance of responsibility for his crimes. (*Id.* at 6). After having considered the arguments presented, this Court ultimately sentenced Petitioner to concurrent eighteen month terms on each count of the information, and a concurrent three year term of supervised release representing one year for count one concurrent to a three year term on count two of the information. (*Id.* at 14). After sentencing Petitioner, the Court informed him that he had the right to appeal his sentence and conviction subject to the appellate waiver contained in his plea agreement, and that if he could not afford the filing fee, he could request the Clerk of the Court to file a notice of appeal on his behalf. (*Id.* at 16). Petitioner did not at that time express an interest in filing an appeal.

## II. DISCUSSION

### A. Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes

"a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

**B. Analysis**

**1. An evidentiary hearing will be held only as to Petitioner's notice of appeal related ineffective assistance claim**

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's statute of limitations related ineffective assistance claims (grounds one and three of Petitioner's motion to vacate sentence) are clearly without merit for the reasons discussed below, no hearing is necessary as to those claims. Because this Court cannot resolve the factual dispute contained in Petitioner's final claim (ground two) asserting ineffective assistance of counsel in failing to file an appeal based

5

solely on the record currently before the Court for the reasons expressed below, this Court shall

hold a hearing solely as to that claim.

2. **Petitioner's ineffective assistance of counsel claims**

In his motion, Petitioner raises two claims asserting ineffective assistance of counsel. The standard applicable to such claims is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.
>
> In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.
>
> Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show

6

> that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge*, 119 F. Supp. 3d at 280-81.

In his first ineffective assistance of counsel claim, Petitioner contends that his plea counsel proved ineffective by failing to explain to him that he had a valid statute of limitations defense to portions of the charges to which he was pleading guilty and that he was waiving that defense by pleading guilty. Petitioner also contends that this failing on counsel's part rendered his guilty plea less than knowing and voluntary as he did not knowingly and voluntarily agree to waive the statute of limitations defense. Petitioner's claim, however, is directly belied by the record of his plea hearing and sentencing. At the plea hearing, it became readily apparent that the parties had discussed and were aware of the statute of limitations issues. Indeed, this Court explicitly confirmed with Petitioner that he knew that he had such a defense to portions of his charges, that he knew he was waiving that defense by pleading guilty, and that he understood that waiver. Petitioner agreed that he was aware and that he was knowingly waiving any statute of limitations defense by pleading guilty pursuant to his plea agreement. The record thus conclusively shows

that, even had counsel not advised Petitioner regarding the statute of limitations issue – a finding this court need not and does not make – Petitioner was aware of the issue, confirmed that he understood that he was waiving his statute of limitations offense, and clearly expressed to the Court that he wished to continue with his guilty plea regardless. Petitioner thus knowingly and voluntarily waived the statute of limitations defense and could not have been prejudiced by counsel's alleged failure to explain the issue to him. *See, e.g., United States v. Bui*, 795 F.3d 363, 366-67 (3d Cir. 2015) (adequate plea hearing explaining relevant issues can cure deficiencies in counsel's advice; Petitioner cannot show prejudice in plea context if the record shows that there is no reasonable probability, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial); *Shedrick*, 493 F.3d at 299. Petitioner knowingly and voluntarily waived his statute of limitations defense and was not prejudiced by any alleged failing. His first ineffective assistance of counsel claim, raised in Petitioner's points one and three, is therefore without merit.

In his final claim, raised in Petitioner's ground two, Petitioner argues that he received ineffective assistance of counsel when he informed counsel after sentencing that he wished to file an appeal, and counsel failed to file that appeal despite Petitioner's explicit direction to do so. As part of that claim, Petitioner alleges that he discussed the matter with counsel, specifically instructed counsel to file a notice of appeal, that no notice was filed, and Petitioner therefore lost his ability to file an appeal. In an affidavit submitted in this matter, Petitioner's plea and sentencing counsel instead asserts that Petitioner "never asked [him] to file an appeal or enter a notice of appeal on his behalf." (Document 5 attached to ECF No. 10 at 4). Plea counsel acknowledges that, "some time after his sentencing," Petitioner contacted counsel and indicated

that he was "considering appealing his case." (*Id.*). Counsel further attests that he may have told Petitioner that he would likely be out of prison before an appeal concluded but "did not dissuade [Petitioner] from filing an appeal, nor [refused] to file an appeal for him." (*Id.*). According to plea counsel, Petitioner stated that he would consider the issue and "call [counsel] back" but never did so. (*Id.*). There is thus a factual dispute between Petitioner and plea counsel as to whether Petitioner actually expressed a desire to appeal rather than simply considering whether he wished to do so.

In order to show that counsel was constitutionally deficient as to his final claim, Petitioner must show either that counsel was ineffective in failing to confer with him regarding an appeal or that he expressly indicated his desire to appeal and that counsel refused or failed to file an appeal on his behalf. *See, e.g., Garza v. Idaho*, --- U.S. ---, 139 S. Ct. 738, 746 (2019). Where the petitioner can show "that, but for counsel's deficient failure to consult with him about an appeal [or to file an appeal after being directed to do so, the petitioner] would have timely appealed. *Id.* at 747 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). Where the petitioner makes such a showing, the court must presume prejudice in the form of the lost appeal, even where there is an otherwise applicable plea waiver which would apply and prevent a direct appeal from proceeding on the merits. *Id.* The petitioner need not show that the appellate claims he wishes to raise would not have been barred by his appellate waiver, nor must he show that his desired appellate claims are of any merit, the Supreme Court has clearly held that the loss of desired appellate proceedings is prejudice enough to warrant relief in the form of a *nunc pro tunc* appeal. *Id.*; *see also Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001) (proper relief for a lost appeal ineffective assistance of counsel claim is to provide the petitioner with "the opportunity *nun pro*

9

*tunc* to brief his direct appeal in full"). Where there is a factual dispute between the petitioner and his counsel as to whether the petitioner actually directed counsel to file an appeal or as to whether counsel should have known that Petitioner wished to file an appeal, an evidentiary hearing must be held to resolve that dispute. *Solis*, 252 F.3d at 295; *see also Flores-Ortega*, 528 U.S. at 487.

Although Petitioner and counsel do not dispute that they conferred after sentencing as to Petitioner's purported desire to file an appeal, there is a clear factual dispute as to whether or not Petitioner explicitly requested or gave sufficient reason for counsel to know that he wished to file a direct appeal. That dispute goes to the heart of the showing required of Petitioner to make out his claim, and this Court is therefore required to hold an evidentiary hearing to resolve this dispute.[1] *Solis*, 252 F.3d at 295. Because Petitioner has previously shown his indigence in his underlying criminal case and was appointed CJA counsel, and because this Court will hold an evidentiary hearing in this matter, this Court is required pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings to appoint an attorney to represent Petitioner pursuant to 18 U.S.C. § 3006A. Counsel shall therefore be appointed for Petitioner and a hearing held once appointed counsel has had adequate time to prepare.

---

[1] It may well be the case, as the Government maintains in its answer in this matter, that Petitioner's success on this claim and any subsequent appeal may ultimately be to his detriment as it may subject him to further charges to the extent that Petitioner ultimately breaches the terms of his plea agreement in pursuing an appeal. That assertion on the Government's part, however, is immaterial to the showing required of Petitioner under *Garza* and thus is irrelevant to the presumption of prejudice that *Garza* requires this Court to apply should Petitioner convince the Court that he explicitly requested that an appeal be filed and that counsel ignored his requests. This Court is thus required to hold a hearing notwithstanding the Government's belief that Petitioner's potential success on this claim could have unintended negative consequences for him.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's statute of limitations related plea claims are clearly without merit, Petitioner has failed to make a substantial showing of the denial of a constitutional right as to those claims, and no certificate of appealability shall issue as to the statute of limitations related claims only at this time.

## IV. CONCLUSION

For the reasons stated above, Petitioner's statute of limitations related ineffective assistance of counsel claims are DENIED, Petitioner is DENIED a certificate of appealability as to those claims, this Court shall hold an evidentiary hearing as to Petitioner's sole remaining claim that counsel was ineffective in failing to file a notice of appeal on Petitioner's behalf, and counsel shall be appointed to represent Petitioner at that hearing. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge